Jason T. Holden
Katie R. Ranta
Dana A. Henkel
Faure Holden Henkel Terrazas, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Phone: 406-452-6500
Fax: 406-452-6503
jason@fhht.law
katie@fhht.law
dana@fhht.law
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHIPPEWA CREE INDIANS OF THE ROCKY BOY'S RESERVATION; TANYA SCHMOCKEL; and KEN MORSETTE,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHOUTEAU COUNTY, MONTANA; CHOUTEAU COUNTY BOARD OF COUNTY COMMISSIONERS; CLAY REIHL, in his official capacity as Chouteau County Commissioner; ROBERT PASHA, in his official capacity as Chouteau County Commissioner; RICK DARLINGTON, in his official capacity as Chouteau County Commissioner; and LANA CLAASSEN, in her official capacity as Chouteau County Clerk and Recorder,<br><br>    Defendants. | Cause No. CV-25-69-GF-BMM<br><br><br>**DEFENDANTS CHOUTEAU COUNTY, MONTANA'S; CHOUTEAU COUNTY BOARD OF COUNTY COMMISSIONERS'; CLAY REIHL'S; ROBERT PASHA'S RICK DARLINGTON'S  and LANA CLAASSEN'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Defendants Chouteau County, Montana; Chouteau County Board of County Commissioners; Clay Reihl, in his official capacity as a Chouteau County Commissioner; Robert Pasha, in his official capacity as a Chouteau County Commissioner; Rick Darlington, in his official capacity as Chouteau County Commissioner; and Lana Claassen, in her official capacity as Chouteau County Clerk and Recorder, by and through their counsel of record, Faure Holden Henkel Terrazas P.C., and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submit their Motion to Dismiss the claims of the Chippewa Cree Indians of the Rocky Boy's Reservation (Tribe).

## I.    INTRODUCTION

The Tribe cannot bring claims under 42 U.S.C. § 1983 as a matter of law. The Tribe's claims must be dismissed.

## II.    RELEVANT FACTS

The Tribe and two individual Tribal members filed the Complaint on August 15, 2025.  Doc. 1.  The Complaint seeks relief under 42 U.S.C. § 1983 and 52 U.S.C. § 10301.  The Tribe specifically alleges that it "brings this suit on its own behalf to protect its sovereign interests, and as *parens patriae* to protect its members' statutory and constitutional rights and health and welfare through the prevention of future violations of their rights."  Doc. 1, ¶ 11.  It cannot state a §1983 claim given the allegations in the Complaint.

2

## III.  ANALYSIS AND ARGUMENT

### A.  Standard of Review

A Fed. R. Civ. P. 12(b)(6) motion tests the adequacy of a Complaint's allegations.  Except where a heightened pleading standard applies, a motion to dismiss under Rule 12(b)(6) is analyzed using the pleading standard of Rule 8(a). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"The court does not blindly defer to the labels and conclusions provided by the Complaint, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), nor to any naked assertions devoid of further factual enhancement, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration adopted), but rather must demand that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023) (internation quotations omitted).

When considering a Rule 12(b)(6) motion, the Court is not required to treat legal conclusions or conclusory allegations lacking in factual bases as true.  *Niman v. Montana University System*, 2024 U.S. Dist. LEXIS 31601 * 3, 2024 WL 756805 (D. Mont. Feb. 23, 2024).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief is a context-specific task, requiring the reviewing court to draw on its judicial experience and common sense." *McGinity v. P&G*, 69 F.4th 1093, 1096 (9th Cir. 2023).

When deciding a Rule 12(b)(6) motion, the Court may consider the pleadings, the documents attached to the complaint, documents incorporated by reference in the complaint, and/or matters subject to judicial notice such as public records. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *United States v. Corinthian Colleges*, 655 F. 3d 984, 999 (9th Cir. 2011); Fed. R. Civ. P. 12(d).

Despite "the deference the Court is bound to pay to any factual allegations made, it is not proper for the Court to assume that 'the [plaintiff] can prove facts which [he or she] has not alleged.'" *Mortensen v. Bresnan Communication*, 2010 U.S. Dist. LEXIS 131419, 2010 WL 5140454 (D. Mont. Dec. 13, 2010) quoting *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor must the Court 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit' or those which are 'merely conclusory,' require 'unwarranted deductions' or 'unreasonable inferences.'" *Id*.; quoting *Sprewell v. Golden State Warriors*, 266

F.3d 979, 988 (9th Cir. 2001) (amended on other grounds, 275 F.3d 1187 (9th Cir.2001)); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

A Rule 12(b)(6) "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.    The Tribe cannot state a claim under 42 U.S.C. § 1983.**

The Tribe cannot state a claim under § 1983 because it protects only individual rights, not sovereign or collective rights.

**1.    Relief under § 1983 is not available to protect sovereign interests or preferences.**

Section 1983 was enacted "to secure private rights against government encroachment" not to protect a sovereign's political preferences. *Inyo County v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 712 (2003).

Here, it is unclear what sovereign rights the Tribe seeks to vindicate.  It alleges none.  The Tribe is not a registered voter in Chouteau County, nor has it alleged it is.  The Tribe, as a sovereign, has no right to vote in Chouteau County elections.  The Tribe has not alleged how Chouteau County's "at large" election

5

system interferes with or affects its sovereignty at all.  It does not interfere with the Tribe's self-governance.  It does not interfere with the Tribe's ability to manage its own affairs.  The Tribe has not, and cannot, identified any sovereign right that is affected by the "at large" elections.

But even if the Tribe could identify a sovereign right Chouteau County is allegedly violating, § 1983 does not provide a cause of action for the Tribe.  In the Ninth Circuit, when an Indian tribe is not suing "as an aggrieved purchaser, or in any other capacity resembling a 'private person[,]'" it is attempting to assert "communal rights" as a sovereign.  *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 515-516 (9th Cir. 2005).  Because § 1983 protects only individual rights, the Tribe does "not have a cognizable claim section 1983 claim[.]"  *Id*. at 516.

The Tribe here is seeking specifically "to protect its sovereign interests" which is not a cognizable claim under § 1983.  *Id*.; *Chemehuevi Indian Tribe v. McMahon*, 934 F.3d 1076, 1082 (9th Cir. 2019).  The Tribe's claims related to its "sovereign interests" must be dismissed.

### 2.    The Tribe cannot assert individual members' rights in a §1983 action.

The Tribe cannot state a cognizable claim under § 1983 in a *parens patriae* capacity.  Its claims must be dismissed.

To assert *parens patriae* standing, the Tribe must meet all of the following requirements:

1.    It must establish Article III standing:  it must have an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling[;]" <u>and</u>

2.    It "must articulate an interest apart from the interests of particular private parties, i.e., the [Tribe] must be more than a nominal party[;]" <u>and</u>

3.    It must express a "quasi-sovereign interest."

*Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 651 (9th Cir. 2017).

The Tribe cannot and has not alleged facts to satisfy the first and second requirements.  However, the Court need to consider the first and second requirements because the third is dispositive.  Even assuming *arguendo* that the Tribe could meet the first two criteria, expressing a "quasi-sovereign interest" is incompatible and "inconsistent with a § 1983 action: quasi-sovereign interests are not individual rights."  *Chemehuevi Indian Tribe*, 934 F.3d at 1082.  As discussed above, sovereign rights cannot be enforced via § 1983.

The Tribe's claims brought in *parens patriae* must be dismissed.  It cannot state a claim under § 1983.

//

//

//

## IV.   CONCLUSION

Under any theory, the Tribe's § 1983 claims are not cognizable.  They must be dismissed.

DATED this 12th day of September, 2025.

FAURE HOLDEN HENKEL TERRAZAS, P.C.

*/s/ Jason T. Holden*
Jason T. Holden

*/s/ Katie R. Ranta*
Katie R. Ranta

*/s/ Dana A. Henkel*
Dana A. Henkel

## CERTIFICATE OF COMPLIANCE

This is to certify that this brief contains 1,355 words, as counted by Microsoft Word, excluding the caption, Certificate of Compliance, and Certificate of Service.

FAURE HOLDEN HENKEL TERRAZAS, P.C.

*/s/ Katie R. Ranta*
Katie R. Ranta

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon the following by the means designated below on the 12th day of September, 2025.

| | |
|---|---|
| Kirsten D. Gerbatsch<br>Wesley James Furlong<br>NATIVE AMERICAN RIGHTS FUND<br>745 West 4th Ave, Suite 502<br>Anchorage, AK 99501<br>gerbatsch@narf.org<br>wfurlong@narf.org | ■ CM/ECF<br>☐ U. S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ E-mail |
| Jacqueline De León<br>Malia Gesuale<br>NATIVE AMERICAN RIGHTS FUND<br>250 Arapahoe Ave<br>Boulder, CO 80302<br>jdeleon@narf.org<br>gesuale@narf.org | ■ CM/ECF<br>☐ U. S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ E-mail |
| Samantha Blencke<br>NATIVE AMERICAN RIGHTS FUND<br>950 F Street Northwest, Suite 1050<br>Washington, DC 20004<br>blencke@narf.org | ■ CM/ECF<br>☐ U. S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ E-mail |
| Theresa J. Lee<br>Sophia Lin Lakin<br>ACLU FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br>tlee@aclu.org | ■ CM/ECF<br>☐ U. S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ E-mail |
| Alex Rate<br>ACLU OF MONTANA<br>P.O. Box 1968<br>Missoula, MT 59806<br>ratea@aclumontana.org | ■ CM/ECF<br>☐ U. S. Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ E-mail |

FAURE HOLDEN HENKEL TERRAZAS, P.C.

*/s/ Katie R. Ranta*
Katie R. Ranta