**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| CHIPPEWA CREE INDIANS OF THE ROCKY BOY'S RESERVATION *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>CHOUTEAU COUNTY, MONTANA *et al.*,<br><br>          Defendants. | Case No. 4:25-cv-00069-BMM |

**CONSENT JUDGMENT AND DECREE**

Plaintiffs, the Chippewa Cree Indians of the Rocky Boy's Reservation, Tanya Schmockel, and Ken Morsette, filed this action to enforce Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, against Defendants Chouteau County, Montana; the Chouteau County Board of County Commissioners; Chouteau County Commissioners Clay Reihl, Robert Pasha, and Rick Darlington, in their official capacities; and Chouteau County Clerk and Recorder Lana Claassen, in her official capacity (collectively, "the Parties").

The Parties attended mediation on November 14, 2025. The Material Terms of the Settlement are attached as Exhibit A. This Consent Judgment and Decree ("Consent Decree") is entered in accordance with the Material Terms of Settlement

1

and accordingly stipulates as follows:

1.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1357, 1362, 2201(a), and 2202; 42 U.S.C. § 1983; and 52 U.S.C. § 10308(f).

2.      Defendant Chouteau County is a political subdivision of the State of Montana. § 7-1-2103(1), MCA.

3.      Defendant Chouteau County Board of Commissioners is the governing body of Chouteau County established under the laws of Montana. § 7-1-2104, MCA.

4.      Defendants Rick Darlingon, Clay Reihl, and Robert Pasha are the current members of the Chouteau County Board of County Commissioners. They are sued in their official capacities.

5.      Defendant Lana Claassen is the current Chouteau County Clerk and Recorder. She is sued in her official capacity.

6.      The Board of County Commissioners currently consists of three members elected at large from three residency districts, meaning candidates are only qualified to run from the district in which they reside, but voting in both the primary and general elections is at large, with all county residents voting for a candidate from each of the three residency districts. Commissioners serve six-year staggered terms so that one Commissioner is up for election every two years. Elections are partisan,

with primaries held in June and general elections held in November of even-numbered years.

7.      State law requires that all county commissioners in all Montana counties be elected at large. § 7-4-2104, MCA.

8.      State law allows counties to implement districted commissioner elections if "provided for under a court order." § 7-4-2104(1)(b), MCA.

9.      The Parties agree that that there is a substantial factual and legal basis for the Court to find that the three preconditions established by *Thornburg v. Gingles*, 478 U.S. 30 (1986), are present and that, under the totality of the circumstances, Plaintiffs would prevail should this matter proceed to trial.

10.     Pursuant to the Material Terms of Settlement and this Consent Decree, Defendants agree to discontinue use of the current at-large method of electing members of the Board of County Commissioners and implement, in its place, a method of election wherein District 1 shall consist of precincts 5 and 9 as they exist on the date of this Consent Decree, and District 1 shall be a single-member district. Exhibit B reflects the current precinct map from which the new District 1 shall be made. This Consent Decree and the agreements it contains to modify the boundary of District 1 and convert it to a-single member district are intended to provide Native American voters with an opportunity to elect a representative of their choice.

Therefore, with the consent of the Parties, IT IS HEREBY ORDERED,

3

ADJUGED, AND DECREED:

1.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1357, 1362, 2201(a), and 2202; 42 U.S.C. § 1983; and 52 U.S.C. § 10308(f).

2.      There is a dispute over the legality of the current at-large method of electing members of the Board of County Commissioners and Defendants have accordingly agreed to the below change.

3.      Except as provided in this Consent Decree, Chouteau County shall elect the Chouteau County Commissioners using a single-member district for District 1, which shall consist of precincts 5 and 9 as those precincts exist at the time of entry of this Consent Decree, and as set forth in Exhibit B. One member of the Board of Commissioners shall be elected from the single-member District 1, and two members of the Board of Commissioners shall be elected either at large or via two single-member districts (Districts 2 and 3) from the remaining geographical portions of the County. Only eligible voters residing in Commissioner single-member District 1 will be allowed to vote for Board of County Commissioner candidates running in that district. Only eligible voters residing within the at-large or single member Districts 2 and 3 will be allowed to vote for Board of County Commissioners candidates running in those districts. As is already the case, only persons residing in a district may serve as a Commissioner for that district. All Commissioners will

continue to serve six-year, staggered terms with elections held every two years.

4.      The first election under this Consent Decree shall be held in June 2026, in accordance with State law.

5.      Defendants shall timely publicize the new method of election for the Chouteau County Commissioners in public buildings, including City Hall and in all post offices in the County; in The River Press and Big Sandy Mountaineer; and on the County website; and shall send the publication to the Council of Chippewa Cree Indians of the Rocky Boy's Reservation for distribution on the Reservation.

6.      Reapportionment of all Districts in the County shall reoccur in conformance with the law, including the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Section 2 of the Voting Rights Act, then existing after the 2030 census data is released.

7.      If the United States Supreme Court decides in *State Board of Election Commissioners v. Mississippi State Conference of National Association for the Advancement of Colored People*, No. 25-234, or *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 25-253, that only the United States Department of Justice may bring suit under Section 2 of the Voting Rights Act, then this Consent Decree shall be vacated on Motion of Chouteau County.  Plaintiffs reserve the right to object and oppose any such motion.

8.      If the boundaries of Chouteau County are moved in accordance with

Montana law, so that the Rocky Boy's Reservation is located in Hill County, then this Consent Decree shall no longer be in effect.

9.      While this Decree remains in effect, the Parties shall provide a joint report to the Court after each election detailing compliance or noncompliance with this Decree.

10.     Except as inconsistent with or specifically altered by the terms of this Consent Decree, all State laws shall continue to govern elections for the Board of Commissioners.

11.     All Parties shall bear their own costs, expenses, and attorneys' fees.

12.     This Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Decree and for such further relief as may be appropriate.

IT IS SO ORDERED.

DATED this 19th day of December, 2025.


_____
Brian Morris, Chief District Judge
United States District Court

6